# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RONNIE BRADFIELD a/k/a ) | |
| PAUL FARNSWORTH, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| VS. ) | No. 1:17-cv-01232-JDT-cgc |
| ) | |
| CORECIVIC, ET AL., ) | |
| ) | |
|    Defendants. ) | |

ORDER DENYING MOTION FOR COPY OF SHOW CAUSE ORDER AS MOOT,
DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On December 13, 2017, Plaintiff Ronnie Bradfield a/k/a Paul Farnsworth filed a *pro se* complaint while he was incarcerated at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee. (ECF No. 1.) The complaint was accompanied by a motion for leave to proceed *in forma pauperis*. (ECF No 2.) The Defendants named in the complaint are CoreCivic, Inc., Captain Kimberly Allen, Nurse First Name Unknown (FNU) Lowery, Correctional Officer FNU Tyus, and Sergeant FNU Taylor.[1] Bradfield has asserted claims under 42 U.S.C. § 1983 for deprivation of his Eighth Amendment right to be free of cruel and unusual punishment and also a

---

[1] Plaintiff also sues seven "John/Jane Doe" defendants. However, service of process cannot be made on an unidentified party. In addition, the filing of a complaint against such a "John/Jane Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1.

On May 21, 2018, Bradfield notified the Court that he had been released from prison. He provided both a new physical address and an e-mail address so that he can receive Notices of Electronic Filing (NEFs) in this case. (ECF No. 7.)

On November 13, 2018, Bradfield filed a motion, (ECF No. 9), asking for a copy of the Court's previous order, issued on February 5, 2018, requiring him to show cause why the case should not be dismissed for failure to keep the Court advised of his whereabouts. (ECF No. 5.) Because Bradfield provided his new address and email address, albeit belatedly, the show cause order is vacated and his motion for a copy of the order is DENIED as moot.

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must pay the civil filing fee. The statute merely provides a prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Twenty-eight U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

As stated, Bradfield is a three-strike filer. He has filed at least four previous lawsuits in this district that were dismissed for failure to state a claim or as frivolous. *See Bradfield v. City of Memphis, et al.*, No. 96-3184-BBD-dkv (W.D. Tenn. Feb. 3, 1997) (collecting cases). Therefore, he may not file any action, while he is incarcerated, in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint and/or amended complaint. *See, e.g.*, *Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

In the complaint, Bradfield alleges a series of events that occurred on September 22, 2017. Bradfield states he has a religious exemption from been required to undergo X-rays or tuberculosis skin tests. (ECF No. 1 at PageID 3.) He asserts that, despite the exemption, Defendant Lowery and one of the Jane Doe Defendants told him he needed to have the tuberculosis test. (*Id.* at PageID 4.) The Defendants allegedly threatened Bradfield with punitive segregation if he did not comply. (*Id.*) Bradfield told Lowery he could provide proof of his exemption, but Lowery allegedly said she "didn't care" about Bradfield's religion and again threatened that if he did not "take the skin test, I'm going to send you to the hole." (*Id.*) Bradfield states he offered to submit to a blood test instead, but the Defendants continued to harass and threaten him. (*Id.*) Lowery allegedly asked Defendant Allen to place Bradfield in segregation for his insubordination. (*Id.* at PageID 5.) Allen ordered Bradfield removed to segregation even though she allegedly lacked the authority to do so. (*Id.*)

Defendant Tyus came to take Bradfield to segregation. (*Id.*) Bradfield is confined to a wheelchair, but Tyus allegedly grabbed Bradfield, forced his arms behind him, and handcuffed

3

him tightly enough that Bradfield lost feeling in his wrists and hands. (*Id.*) Tyus ignored another corrections officer who told her the handcuffs were too tight. (*Id.*) Defendant Lowery and one of the Jane Does allegedly "coached" another Nurse Jane Doe to tell Tyus that nothing in Bradfield's medical file exempted him from the tuberculosis test, so Bradfield was taken to segregation. (*Id.*) Bradfield alleges Tyus forced him to sit up straight in his wheelchair by pushing him back and upright in a painful manner. (*Id.* at PageID 8.)

When Bradfield was taken into segregation, he allegedly was placed in a room that was not handicap-accessible. (*Id.* at PageID 6.) Bradfield states he attempted to use the toilet to empty his catheter but fell as he attempted to mount the toilet. (*Id.*) He allegedly was knocked unconscious from the fall. (*Id.*) Bradfield asserts that he suffered a head wound from his fall, and a large knot formed on his head. (*Id.* at PageID 7.) Once he regained consciousness, he banged on the door of his cell for forty-five minutes, but no one would assist him. (*Id.*) Three hours later, Bradfield was taken to see a nurse, who referred him to a doctor. (*Id.*) The doctor told Bradfield he believed he had suffered a concussion and ordered him not to lay down or sleep. (*Id.*) He allegedly did not give Bradfield any pain medication at that time for fear it could cause medical complications. (*Id.*)

When the shift changed some time later, a new medical team of nurses allegedly examined Bradfield, screened him for active symptoms of tuberculosis, and determined that he was negative. (*Id.* at PageID 6.) The new medical team ordered Bradfield released from punitive segregation and placed in a handicap-accessible room. (*Id.*) This team also filled out an injury report and placed Bradfield on a list to be seen by the facility physician. (*Id.*)

Bradfield alleges the actions of Defendants Lowery and Allen violated his rights under RLUIPA by harassing him, denying his religious exemption, and taking him to segregation for refusing to undergo the tuberculosis test. (*Id.* at PageID 5-7.) He alleges that he suffers constant

4

and ongoing pain in his hands and wrists as a result of Defendant Tyus's actions. (*Id.* at PageID 6, 8.) He also allegedly has been unable to sleep properly and suffers headaches from the fall he took while in the non-handicapped room. (*Id.* at PageID 9.) He seeks an injunction and a temporary restraining order against the Defendants ordering them "to cease their unlawful acts, as well provide medical treatment." (*Id.*) He also seeks compensatory and punitive damages. (*Id.*)

None of Bradfield's Eighth Amendment or RLUIPA claims sufficiently allege that he was in imminent danger of serious physical injury when they were filed.[2] Bradfield's complaint involves only an alleged incident in the past that resulted in injury. "Assertions of past danger will not satisfy the 'imminent danger' exception." *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011); *see, e.g.*, *Stockenauer v. Ball*, No. 14-13865, 2015 WL 4509130, at *5 (E.D. Mich. July 24, 2015) (finding no imminent danger though Defendant who had slipped on ice and injured his back alleged "ongoing poorly maintained prison yard"); *Banks v. Scarsborough*, No. 4:13CV00170, 2013 WL 1337413, at *4 (N.D. Ohio Mar. 29, 2013) (finding no imminent danger alleged by Plaintiff who had suffered back injury in the past and alleged that "he was deprived of his prescription medications for an unspecified period of time" before filing complaint). Though Bradfield states he has lingering pain from the alleged incident, he does not allege that any Defendant was failing to treat those medical issues when the complaint was filed. In fact, Bradfield states that a medical team had examined and listed him for examination and treatment by the doctor in the facility. *Cf. Freeman v. Collins*, No. 2:08-CV-00071, 2011 WL 1397594, at *6 (S.D. Ohio Apr. 12, 2011) (finding imminent danger satisfied where Plaintiff alleged Defendant had denied him medication, medical care, and treatment prescribed by other physicians). Therefore,

---

[2] Bradfield's complaint was received in the prison mailroom on December 11, 2017, more than two-and-a half months after the incident on September 22nd.

Bradfield's claims do not come within the exception to 28 U.S.C. § 1915(g), and the Court cannot address their merits unless he first tenders the civil filing fee.

Because the Court has determined that Bradfield's Eighth Amendment and RLUIPA claims do not come within the exception to 28 U.S.C. § 1915(g), the motion for leave to proceed *in forma pauperis* is DENIED. The complaint is DISMISSED WITHOUT PREJUDICE. Bradfield may, within twenty-eight (28) days after the entry of judgment, reopen this case by filing a motion to reopen accompanied by full payment of the $400 civil filing fee.

The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by Bradfield in this case would not be taken in good faith. Leave to appeal *in forma pauperis* is also DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                   s/ **James D. Todd**
                                                   JAMES D. TODD
                                                   UNITED STATES DISTRICT JUDGE